IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ORANGEBURG DIVISION

| | |
|---|---|
| Adela B. Bickford, | ) Civil Action No. 5:05-1457-MBS-JRM |
| Plaintiff, | ) |
| vs. | ) |
| Denmark Technical College and Joann R. G. Boyd-Scotland, in her Official and Individual capacity, | ) **REPORT AND RECOMMENDATION** |
| Defendants. | ) |

Plaintiff filed this complaint on May 19, 2005, against her former employer alleging national origin discrimination pursuant to Title VII, age discrimination pursuant to the Age Discrimination in Employment Act ("ADEA") and retaliation. Denmark Technical College ("DTC") was plaintiff's former employer. Joann R. G. Boyd-Scotland ("Boyd-Scotland") is DTC's president. Plaintiff also sues Boyd-Scotland in her individual and official capacities and asserts a claim against her for intentional infliction of emotional distress.

Boyd-Scotland moves to dismiss the Title VII and ADEA claims against her in her individual capacity because she was not plaintiff's employer. She also moves to have those claims against her dismissed in her official capacity because those claims are tantamount to a suit against DTC. Further, Boyd-Scotland asserts that she was not named in the administrative charge. Last, Boyd-Scotland argues that plaintiff's outrage claim should be dismissed because plaintiff filed an identical claim in state court. Plaintiff has not responded to the motion.

1.  Individual Capacity

Both Title VII and the ADEA permit claims for violation against an individual's employer. Co-employees and supervisors are not employers and, therefore, are not subject to suit. Lissan v. Southern Food Servs. Inc., 159 F.3d 177 (4th Cir. 1998) (Title VII) and Birksbeck v. Marvel Lighting Corp., 30 F.3d 507 (4th Cir. 1997). Claims against Boyd-Scotland in her individual capacity should be dismissed.

2.  Official Capacity

In Murphy v. Simms, 2000 WL 101551 (D.Md. 2000), the court dismissed defendants in their official capacities because the employer remained subject to suit. The Court stated that "(a)ctions against individuals in their official capacities are normally permitted when the actual employing entity is immune from suit, and a suit against the individual is equivalent to the suit against the entity." Id. (citing Alvarado v. Board of Trustees, 848 F.2d 457, 460-61). In Murphy, as here, the employer has not moved for dismissal based on immunity. Therefore, the claims against Boyd-Scotland in her official capacity should be dismissed.

3.  Administrative Charge

Before a federal court can gain subject matter jurisdiction with respect to alleged discrimination under Title VII or the ADEA, the plaintiff must file an administrative charge with the EEOC or an appropriate state agency, if available, Oscar Meyer, et al. v. Evans, 441 U.S. 750, 99 S. Ct. 2066 (1979). The purpose of the requirement that an administrative charge be filed is to allow the agency to notify potential defendants of the claim of discrimination and to provide the agency with sufficient information to investigate the claim and attempt conciliation. Greene v. Whirlpool Corporation, 708 F.2d 128 (4th Cir. 1983).

The Title VII and ADEA claims against Boyd-Scotland should be dismissed because plaintiff did not name her in the administrative charge.[1]

4.    Outrage

In her memorandum, Boyd-Scotland argues that plaintiff's claim for intentional infliction of emotional distress (a/k/a outrage) should be dismissed on principles of comity because plaintiff filed an identical claim against Boyd-Scotland in state court. After the motion to dismiss was filed, Boyd-Scotland furnished this court with an order in the case of <u>Bickford v. Boyd-Scotland</u>, 04-CP-05-50 by which summary judgment was granted to Boyd-Scotland on plaintiff's claim for outrage. That claim appears to have been based on the same facts as the claim asserted in this court. Thus, Boyd-Scotland is entitled to dismissal based on the doctrine of <u>res judicata</u>. This doctrine, sometimes referred to as claim preclusion, prohibits the parties or their privies from relitigating issues previously raised and decided, and issues which could have been raised in a prior action. See <u>Cromwell v. County of Sacramento</u>, 94 U.S. 195 (1877), <u>Krener v. Chemical Construction Corp.</u>, 456 U.S. 461 (1982). The doctrine promotes public policy in that it minimizes the cost and vexation of multiple law suits, it conserves judicial resources, limits inconsistent decisions by different courts, and encourages finality on adjudication. <u>Allen v. McCurry</u>, 449 U.S. 90 (1980) and <u>Parklane Josiery Co., Inc. v. Shore</u>, 439 U.S. 322 (1979). In order for <u>res judicata</u> to apply to a pending case, the moving party must demonstrate: "(1) a final judgment on the merits in an earlier suit, (2) an identity of causes of action in both the earlier suit and the later suit, and (3) an identity of parties or their privies in the two suits." <u>Keith v.

---

[1] The charge is not a part of the record in this case.

Aldridge, 900 F.2d 736 (4th Cir. 1990), cert. denied 111 S. Ct. 257 (1990).  Review of the state court's order granting summary judgment shows these requirements are met.

## Conclusion

It is recommended that the motion to dismiss of Boyd-Scotland be granted.

                                          Respectfully submitted,

                                          s/Joseph R. McCrorey
                                          United States Magistrate Judge

September 20, 2005
Columbia, South Carolina